UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:23-cv-209

LISA ARROYO,

    Plaintiff,

v.

STEPS TO RECOVERY, INC.,
a Florida Not for Profit Corporation,
and MARILYN MATYUS, an Individual.

    Defendants.
_____/

## WAGE THEFT COMPLAINT JURY TRIAL DEMANDED

Plaintiff, LISA ARROYO ("ARROYO", by and through his undersigned attorney, hereby sues the Defendants, STEPS TO RECOVERY, INC., and MARILYN MATYUS ("MATYUS") (collectively "Defendants") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants to recover unpaid wages, compensation and damages under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.*, (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §206 and 28 U.S.C. §1331 and §1343.

3. The unlawful employment practices alleged below occurred within the Middle District of Florida.

1

4. At all times material hereto, Plaintiff was a citizen and resident of the Middle District of Florida and is within the jurisdiction of this Court.

5. At all times pertinent to this Complaint, Defendants operated a business engaged in interstate commerce as defined in 29 U.S.C. §203(r) and §203(s).

6. At all times material hereto, STEPS TO RECOVERY, INC., was Plaintiff's employer, as defined by law, and a corporation conducting business in the Middle District of Florida.

7. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

8. Upon information and belief, during the relevant time period, the Defendants had annual gross volume of sales made or business done of not less than $500,000.00, or engaged in providing medical services, subjecting Defendants to the FLSA.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

11. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred in the Middle District of Florida and,

    b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

12. At all times material hereto, Plaintiff, was a resident of Port Richey, Pasco County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, corporate Defendant, STEPS TO RECOVERY, INC., was conducting business in and around New Port Richey, Pasco County, Florida, with its principal place of business in that city.

14. At all times material hereto, MATYUS was Plaintiff's employer as defined by law. MATYUS had operational control over STEPS TO RECOVERY, INC., and was directly involved in decisions affecting employee compensation.

15. Moreover, MATYUS controlled the finances for STEPS TO RECOVERY, INC.

16. The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. §203(d).

17. At all times material hereto, Defendants were the employers of Plaintiff.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

19. Plaintiff has fulfilled all conditions precedent to the institution of this action or such conditions have been waived.

## PLAINTIFF'S FACTUAL ALLEGATIONS

20. At all times relevant hereto, Plaintiff was employed as the corporation's Chief Administrative Officer.

21. As of the filing of this Complaint, Plaintiff has not been paid her final paycheck, as required under the law and pursuant to the corporation's own handbook:

    11.2 Final Paycheck

- Employees who terminate employment with the organization will be given their final pay check one week of the return of all organization property as indicated above.

- Should the employee be unable to personally retrieve their paycheck [sic], it will be mailed to the address on file.

22. Defendants have never paid Plaintiff her final paycheck, which should have included the following:

| | |
|---|---|
| Salary: | $5,000.00 |
| Hazard Pay: | $1,000.00 |
| **Subtotal:** | **$6,000.00** |
| Miscellaneous Pay | 8 hours |
| Sick Time | 13.37 hours |
| Vacation time | 25.39 hours |
| Comp Time | 224.43 hours |
| Total Unpaid Hours | 271.19 hours |
| **Subtotal of unpaid hours at $28.85 per hour:** | **$7,823.83** |
| **Total Owed:** | **$13,823.83** |

23. Defendant, MATYUS, was a supervisor, and/or manager, who was involved in the day-to-day operations and was directly responsible for the supervision of Plaintiff. Therefore, she is personally liable for the FLSA violations.

24. Defendant MATYUS was directly involved in decisions affecting employee compensation paid to Plaintiff.

25. Defendant MATYUS knowingly, maliciously, and willfully operated the business with a policy of not paying wages in conformance with the applicable law.

26. Plaintiff has retained DICKSTEIN LAW to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### Violation of Fair Labor Standards Act 29 USC §206: Minimum Wage

27. Plaintiff realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. The minimum wage provisions set forth in 29 USC §206, of the FLSA apply to Defendants.

29. Plaintiff was and is entitled to a final paycheck as described above.

30. Defendants did not and have not, without good cause, paid Plaintiff her final paycheck, in violation of the FLSA, 29 U.S.C. §206.

31. Defendants knew or should have known of the unpaid wages.

32. The Defendants acted willfully and have engaged in a pattern and practice of violating the FLSA.

33. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional.

34. As a result of Defendants' willful violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with 29 U.S.C. §201 *et seq.*

35. Plaintiff is owed an additional amount equal to the amount of unpaid wages as liquidated damages.

36. As a result of the Defendants' unlawful acts, Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests the following relief:

a. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201, *et. seq.*;

b. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under 29 U.S.C. §201, *et. seq.*, and the supporting Department of Labor Regulations;

c. Attorney's fees and costs pursuant to the FLSA;

d. Post-judgment interest;

e. Payment to the Federal Government and all local governmental bodies for all salary taxes not paid including Florida Unemployment Tax.

f. Any and all further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

DATED: January 23, 2023

Respectfully submitted,

/s/ Jeffrey E. Appel
FBN: 994030
Jeffrey E. Appel, Esq.

DICKSTEIN LAW
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
(813) 285-9074 phone
(863) 644-9065 fax
jeff@dicksteinpa.com