UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA ARROYO,

    Plaintiff,

v.                                               Case No: 8:23-cv-0209-KKM-SPF

STEPS TO RECOVERY, INC., and
MARILYN MATYUS,

    Defendants.
_____

## ORDER

Lisa Arroyo sues Steps to Recovery, Inc., and Marilyn Matyus to recover unpaid wages under the Fair Labor Standards Act (FLSA). Because her allegations fail to state a claim under the FLSA, Defendants' motion to dismiss is granted.

### I. BACKGROUND

Lisa Arroyo worked as Steps to Recovery's Chief Administrative Officer under the supervision of Marilyn Matyus. Compl. ¶ 20–23. She claims that Defendants failed to pay her final paycheck "as required under the law and pursuant to the corporation's own handbook." *Id.* ¶ 21. According to Arroyo, this paycheck should have included $5,000 salary pay, $1,000 hazard pay, and $7,823.83 for 271.19 hours of miscellaneous pay, sick time, vacation time, and comp time at $28.85 per hour. *Id.* ¶ 22.

Steps to Recovery and Matyus move to dismiss, arguing that there is no federal cause of action for failure to pay a final paycheck, and Arroyo's allegations fail to state a claim under the FLSA. MTD (Doc. 13). Arroyo fails to respond to the motion to dismiss.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the

complaint as true and construes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## III.  ANALYSIS

Section 206 of the FLSA sets out minimum wages that employers engaged in interstate commerce must pay their employees. 29 U.S.C. § 206. To state a claim for relief under this section, Arroyo must show that "(1) [she] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [her] minimum . . . wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep'r, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (per curiam) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

Here, Arroyo fails on at least the third prong. She alleges that Defendants "failed to pay her final paycheck in violation of the FLSA." Compl. ¶ 30. She alleges that this final paycheck should have included a salary of $5,000, plus hazard pay, and accrued hours of vacation, sick leave, and comp time at a rate of $28.85 an hour. *Id.* ¶ 22. But the FLSA does not create a federal cause of action for failure to pay an agreed upon salary, hazard pay, or unpaid vacation and sick leave. It only requires a minimum payment of $7.25 an hour for actual hours worked. And Arroyo fails to allege any number of hours she worked during which the defendants failed to pay her that minimum wage, so she fails to state a claim under this section.

IV.   CONCLUSION

The FLSA does not include a federal cause of action for unpaid salary, sick leave, or vacation time. Accordingly, Defendants' motion to dismiss is **GRANTED**. The Clerk is directed to **TERMINATE** any pending motions or deadlines, enter **JUDGMENT** in favor of Defendants, and **CLOSE** this case.

**ORDERED** in Tampa, Florida, on March 17, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge